IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON SCOTT GRIFFIN<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.  3:14-CV-199-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On September 17, 2015, the Ninth Circuit remanded this case to this Court to resolve defendant Griffin's motion for reconsideration. The motion has been fully briefed by defendant Griffin and is at issue. For the reasons explained below, the Court will deny the motion.

**LITIGATION BACKGROUND**

Defendant Griffin was charged in 2006 with six charges of conspiracy and possession with intent to distribute controlled substances, along with a forfeiture count. S*ee Second Superseding Indictment in U.S. v. Griffin, CR-06-67-EJL (Dkt. No. 93).* The forfeiture count sought to forfeit numerous items including a jet boat, firearms, vehicles, and real property.

Following a jury trial, the jury found Griffin guilty of five charges, including the conspiracy charge. *See Special Verdict (Dkt. No. 176).* At the sentencing hearing, Judge Lodge heard testimony regarding the forfeiture and the connection between the crimes

**Memorandum Decision & Order – page 1**

Griffin was convicted of and the property sought to be forfeited. For each item of property sought to be forfeited, Judge Lodge made specific findings concerning its connection to the crimes of conviction. *See Transcripts (Dkt. Nos. 240 & 241).* Judge Lodge then issued a final order of forfeiture. *See Final Order of Forfeiture (Dkt. No. 261).* The Ninth Circuit affirmed Griffin's convictions. *See Ninth Circuit Memorandum (Dkt. No. 273).*

Griffin then filed this case under Federal Rule of Criminal Procedure 41(g) for the return of the property ordered forfeited by Judge Lodge. Magistrate Judge Dale issued an Initial Review Order finding that Griffin could not use Rule 41(g) to challenge Judge Lodge's forfeiture decision. *See Order (Dkt. No. 12).* This Court conducted an independent review and agreed with Judge Dale's analysis, dismissing the action. *See Order (Dkt. No. 14).*

Griffin then filed (1) a motion to reconsider, and (2) an appeal. On September 17, 2015, the Ninth Circuit remanded the appeal to this Court to resolve the motion for reconsideration.

## ANALYSIS

In his motion to reconsider, Griffin argues that he is entitled to the return of his forfeited property that he possessed before 2006, reasoning that, because he was acquitted of charges that arose before 2006, that property cannot be connected to any crime. For example, he alleges that he purchased the jet boat in 2001, five years before the 2006 crimes were committed.

But Griffin was convicted of a conspiracy charge. *See Judgment in a Criminal Case in U.S. v. Griffin, CR-06-67-EJL (Dkt. No. 217)*. The Second Superseding Indictment alleged that the conspiracy operated from 2001 to 2006, *see Second Superseding Indictment (Dkt. No. 93),* the jury was so instructed, *see Jury Instruction No. 30 (Dkt. No. 173)*, and the jury so found. *See Special Verdict in U.S. v. Griffin, CR-06-67-EJL (Dkt. No. 176)*. Thus, Judge Lodge properly extended the forfeiture back in time, and was not limited to property purchased in 2006 or later. Moreover, so long as the Government proves a nexus between the property and the crime, the date the property was purchased is irrelevant. *See generally U.S. v. Mancuso,* 718 F.3d 780, 798-99 (9th Cir. 2013) (discussing the nexus requirement).

Griffin argues that he is entitled to challenge Judge Lodge's forfeiture decision in a Rule 41(g) motion. The Court disagrees: "If property has been ordered forfeited in a judicial forfeiture proceeding, this cannot be challenged by a motion under Criminal Rule 41(g)". 3A Wright & Leipold, <u>Federal Practice & Procedure</u> §690 (4th ed. 2015); *see also U.S. v. Gladding,* 775 F.3d 1149, 1152 (9th Cir. 2015) (holding that "[i]t is well-settled that the federal government may defeat a Rule [41(g)] motion by demonstrating that the property is subject to federal forfeiture").

Finally, Griffin argues that the Court ignored his ineffective assistance of counsel claim based on the Sixth Amendment right to counsel. But the Supreme Court has held that criminal forfeiture orders are not subject to the Sixth Amendment. *Libretti v. U.S.,* 561 U.S. 29(1995); *see also U.S. v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th

**Memorandum Decision & Order – page 3**

Cir. 1995) (holding that Sixth Amendment does not apply to forfeiture proceeding because imprisonment is not an option).

For all of these reasons, and the reasons expressed in the Court's original decision adopting Judge Dale's analysis, the motion to reconsider is denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 16) is DENIED.

IT IS FURTHER ORDERED, that Cameron Scott Griffin follow the direction of the Ninth Circuit contained in its Order filed September 17, 2015 (docket no. 21), to provide proper notice to the Circuit and to file a notice of appeal, all as set forth in that Order.

DATED: September 22, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court